# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01012-RGK-SK | | Date | March 9, 2026 |
|---|---|---|---|---|
| Title | *SAID SHAMSUTDINOVICH GIYAZOV vs. ASTON MARTEN LAGONDA OF NORTH AMERICA, INC.* | | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy**

On December 29, 2025, Plaintiffs filed a Complaint against Aston Martin Lagonda of North America ("Defendant") in state court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiffs' allegations arise from a December 17, 2024 purchase contract for a 2023 Aston Martin DBX. On January 30, 2026, Defendant removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. In support, Defendant points to Plaintiffs' complaint, which states that the vehicle has an approximate

---

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 2 |
|---|---|---|

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01012-RGK-SK | Date | March 9, 2026 |
| --- | --- | --- | --- |
| Title | *SAID SHAMSUTDINOVICH GIYAZOV vs. ASTON MARTEN LAGONDA OF NORTH AMERICA, INC.* | | |

value of $202,912.40. Using this amount, Defendant asserts that along with civil penalties alone, the amount in controversy is $608,737.20, not including attorney's fees.

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $75,000. While the value of the vehicle is $202,912.40, no sales contract was attached to show how much of that amount has been paid. The Complaint states that the vehicle was purchased on December 17, 2024. Given the date of purchase, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be filed **no later than 7 days from the date this order is entered.**

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    JRE/vc